In the Matter of BARBER INDUS-TRIES, INC., Debtor.

### Bankruptcy No. 79–691 T.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 9, 1983.

Lynn Tepper Sestak, Port Richey, Fla., for debtor.

Gene Moss, Jacksonville, Fla., for Newman.

## ORDER ON MOTION TO VACATE ORDER GRANTING DEBTOR'S APPLICATION TO REOPEN CHAPTER XI PROCEEDING

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a pre-Code Chapter XI case and the immediate matter under consideration is a Motion to Vacate Order Granting Debtor's Application to Reopen Chapter XI Proceeding filed by Dolphus Newman, Inc. and Planning Counselors, Inc. d/b/a New Plan (Dolphus Newman). The Order sought to be vacated was granted for the limited purpose to enable the Debtor to obtain a final judicial determination that the indebtedness owed by the Debtor to Dolphus Newman is a dischargeable debt and that the Plaintiff can no longer seek to employ any means to collect its claim.

The Court considered the record and finds the following undisputed facts:

On October 13, 1977, Dolphus Newman filed suit for damages against the Debtor in the Circuit Court of the Sixth Judicial District in and for Pasco County, Case No. 77–1949. On May 21, 1979, Barber Industries, Inc. (Debtor) filed a Voluntary Petition for Arrangement pursuant to Chapter XI of the Bankruptcy Act of 1898 and a notice of proceedings for arrangement under Chapter XI and notice of automatic stay were filed in the state court. The state court action was halted and on March 14, 1980, a Plan of Arrangement was confirmed by the Bankruptcy Court. On January 29, 1981, the Chapter XI case was closed.

Dolphus Newman was not listed by the Debtor on the schedule of creditors in the bankruptcy case and did not file a proof of claim. Therefore, after the Plan of Arrangement was confirmed, but before the case was closed, Dolphus Newman, on November 5, 1980, filed a Motion to Amend Complaint in the state court proceeding, contending that by virtue of Bankruptcy Rule 11–44(c), the automatic stay had been annulled as to the continuation of this proceeding. Further, Dolphus Newman alleged that since none of their claims were dealt with by the Plan of Arrangement, confirmation of the same would not result in the discharge of any debt owed by Barber to Dolphus Newman pursuant to § 371 of the Bankruptcy Act. On November 19, 1980, the Circuit Court granted the Motion to Amend Complaint. On December 29, 1980, the Debtor filed an Answer and Affirmative Defenses in response to the Amended Complaint. By way of affirmative defenses, Barber asserted discharge of debt in bankruptcy.

Ultimately, a non-jury trial in the state court action was scheduled for July 13, 1982 and on July 12, 1982, the Debtor filed an Application to Reopen the Bankruptcy Case in this Court, in order to obtain a judicial

determination by the Bankruptcy Court that the debt allegedly owed by Barber to Dolphus Newman was discharged upon the confirmation of the Chapter XI Plan of Arrangement. The state court case proceeded to trial on July 13, 1982 and on July 16, 1982, this Court granted the Debtor's Application to Reopen Chapter XI Proceeding and directed the Debtor to file a Complaint to Determine Dischargeability of Debt within 30 days from the date of the entry of the Order.

On August 5, 1982, prior to the entry of a final judgment in *Newman v. Barber Industries, Inc.*, Case No. CA 77–1949, the Circuit Judge sent a letter opinion to the attorneys in which he expressed his intention to find in favor of the Plaintiff (Dolphus Newman) and against Barber Industries, Inc. in the amount of $55,000 plus costs. In addition, he stated "Implicit in the foregoing is a finding against the Defendants on their affirmative defenses of discharge in bankruptcy." The final judgment in this cause was entered on September 29, 1982, however, the Court did not enter any findings of fact or conclusions of law in conjunction with the final judgment. The decision of the Circuit Court in and for Pasco County, entered on September 29, 1982, was appealed by the Plaintiff, Dolphus Newman, Inc. on the issue of damages. Barber did not appeal the District Court decision.

On August 13, 1982, after the Bankruptcy case was reopened, but before a final judgment was rendered in state court, the Debtor commenced an adversary proceeding in the Bankruptcy case by filing a Complaint to Determine Dischargeability of Debt. Dolphus Newman filed a Motion to Dismiss, an Answer and a Motion for Summary Judgment in the adversary proceeding and a Motion to Vacate Order Granting Debtor's Application to Reopen Chapter XI Proceeding in the general case. In support of its Motion to Vacate, Dolphus Newman alleges that the Debtor does not have "good cause" within the meaning of B.R. 515 to reopen the proceeding due to the Bankrupt's unreasonable delay in reopening and its election to assert the affirmative defense of discharge and proceed through trial in

the state court proceeding. Further, it is contended that the Debtor's desire to relitigate the dischargeability issue pursuant to § 17(a)(3) in this Court, when the state court has concurrent jurisdiction, does not constitute "good cause" within the meaning of B.R. 515.

Bankruptcy Rule 515 states in pertinent part:

"A case may be reopened on application by the bankrupt or other person to administer assets, to accord relief to the bankrupt, or for good cause."

As stated in the Advisory Committee's Note to B.R. 515, the rule is an elaboration of Bankruptcy Act § 2(a)(8), and authorizes estates to be reopened for cause shown. The threshold issue before this Court is whether the Debtor's preference of litigating the question of dischargeability of debt in the Bankruptcy forum, rises to the level of "good cause" to justify the reopening of a bankruptcy case where the Debtor has asserted discharge of debt as an affirmative defense in a state court action which has progressed through trial.

■ A determination of dischargeability of debt pursuant to § 17(a)(3) of the Bankruptcy Act is one over which the Bankruptcy Court has concurrent, not exclusive, jurisdiction. Therefore, the affirmative defense of discharge in Bankruptcy was properly raised in the state court for a determination on the merits.

A 1981 decision from the Bankruptcy Court in and for the Southern District of New York, while not controlling, is instructive on the question of what constitutes "good cause" in the context of B.R. 515. *In re McNeil*, 13 B.R. 743, 8 B.C.D. 114 (Bkrtcy.S.D.N.Y.1981). In the *McNeil* case, the Chapter 7 Debtors sought to have their case reopened pursuant to Code § 350(b) in order to amend their schedules to include an assignee of a previously scheduled secured creditor. After the Debtors had received a discharge in the Chapter 7 case, the assignees brought suit on the debt in state court and the debtors asserted their discharge as a complete defense. The Court granted the

Debtors' Motion to Reopen, but subsequently vacated the same and stated, "that the debtors now prefer to litigate the reach of their discharge in the bankruptcy forum, either by removal of the entire state court action or by filing a complaint in this Court under § 523(a)(3) is insufficient to 'accord relief' or to constitute 'cause' within the meaning of Bankruptcy Code § 5350(b)." (sic)

While the *McNeil* case was decided under the Code, and the case currently before this Court is an Act case, it must be recognized that Code § 350(b) is essentially a restatement and codification of B.R. 515 which is an elaboration of § 2(a)(8) of the Bankruptcy Act. In addition, Bankruptcy Code § 523(a)(3) is derived from § 17(a)(3) of the Act and remains generally unchanged.

Despite the procedural twists and turns, the Debtor asserted discharge of debt as an affirmative defense in a state court proceeding in which a final judgment has been rendered in favor of Dolphus Newman. It is the opinion of this Court that due to the fact that the issue of dischargeability was properly raised and fully litigated in the state court action, a finding that the debt is non-dischargeable is implicit in the state court judgment. Consequently, this Court shall not relitigate the issue in this forum.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Vacate Order Granting Debtor's Application to Reopen Chapter XI Proceeding filed by Dolphus Newman, Inc. and Planning Counselors, Inc. d/b/a New Plan be, and the same hereby is, granted and the Order Granting Debtor's Application to Reopen Chapter XI Proceeding be, and the same hereby is, vacated and set aside. It is further

ORDERED, ADJUDGED AND DECREED that the Complaint to Determine Dischargeability of Debt filed by Barber Industries, Inc. against Dolphus Newman, Case No. 79–691 be, and the same hereby is, dismissed with leave to litigate in the appropriate forum. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss and the Motion for Summary Judgment filed by Dolphus Newman in the above-styled adversary proceeding be, and the same hereby are, denied as moot.