James Michael ARNHOLD,
Debtor—Appellant,

v.

Thomas C. KYRUS,
Defendant—Appellee.

Thomas C. KYRUS,
Defendant—Appellant,

v.

James Michael ARNHOLD,
Debtor—Appellee.

Nos. 87–1076, 87–1081.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 4, 1987.

Decided July 19, 1988.

Carl W. Isbrandtsen, Virginia Beach, Va., Alison M. Bradner, Norfolk, Va., for appellant.

Wayne Lustig (Guy, Cromwell, Betz & Lustig, P.C., Virginia Beach, Va., on brief), for appellee.

Before SPROUSE and WILKINSON, Circuit Judges, and BOYLE, United

States District Judge for the Eastern District of North Carolina, sitting by designation.

SPROUSE, Circuit Judge:

This is an appeal of the district court's judgment in a bankruptcy proceeding that involves the interpretation of section 524 of the Bankruptcy Reform Act of 1978. 11 U.S.C. § 524 (1982). James Arnhold is the debtor in bankruptcy and Thomas Kyrus is the creditor involved in this appeal. The district court reversed a finding of the bankruptcy court that Arnhold was not discharged from a debt he owed to Kryus. Arnhold had reaffirmed the debt by executing a note for it after he filed bankruptcy. In reversing the bankruptcy court, the district court held that Arnhold was discharged from the reaffirmed debt unless he failed in bad faith to advise the bankruptcy court of the reaffirmance. The district court remanded the case to the bankrupty court for factual findings relating to Arnhold's possible bad faith.

■ We agree with the district court's interpretation that section 524 requires the bankruptcy court to admonish the debtor concerning reaffirmation agreements. We reverse, however, that part of its judgment which remanded the case to the bankruptcy court for a factual finding on the issue of bad faith.

James Arnhold and Thomas Kyrus were in the realty business together. Arnhold purchased Kyrus' interest in the business by executing a note to him on January 1, 1981. Arnhold filed a voluntary petition for bankruptcy under Chapter 13 in August of 1982. Kyrus was appropriately listed as a creditor in the petition. On June 1, 1983, during the pendency of his bankruptcy proceedings, Arnhold executed a second note to Kyrus in an amount representing the balance due on the original note. Arnhold made several payments on the second note between June 1, 1983 and July 30, 1984.

At Arnhold's discharge hearing on February 21, 1986, he did not mention the existence of the second note. Although a listed creditor, Kyrus was neither present nor represented at Arnhold's discharge hearing. Consequently, the bankruptcy court was not aware of the reaffirmed note and did not undertake the statutory procedure for validating reaffirmed debts. The bankruptcy court granted Arnhold's discharge.

On May 9, 1986, Kyrus filed an action in a Virginia state court for the balance due on the second note. Arnhold then filed an application in the bankruptcy court for an order requiring Kyrus to show cause why he should not be held in contempt for violating Arnhold's discharge order and enjoining Kyrus from prosecuting his state court action. After a hearing the bankruptcy court held that Arnhold was not entitled to the protection of 11 U.S.C. § 524(a)(2), which enjoins suits to collect discharged debts. The court reasoned that since Arnhold had not brought to its attention a second note reaffirming the Kyrus debt, Arnhold was estopped from asserting that the debt had been discharged.

The district court reversed, stating that the provisions of section 524 are mandatory and that the bankruptcy court's failure to advise Arnhold of his rights and responsibilities concerning reaffirmations would normally result in his discharge from the disputed debt. The district court, however, recognized a narrow exception to the mandatory application of the protection afforded debtors by the provisions of section 524. In the district court's view, if Arnhold had misled the bankruptcy court by failing in bad faith to advise it of the existence of the reaffirmed debt, then the debtor would properly be denied the protection of that statutory provision. Since the bankruptcy court had proceeded on a different theory and had not considered the possibility of bad faith, the district court remanded the case for such a determination.

Arnhold appeals, contending no remand is necessary since record evidence shows that he did not act in bad faith. Kyrus cross appeals, contending the bankruptcy court correctly found that Arnhold was estopped from invoking the noncompliance with section 524's procedures for reaffirmations.

At the time of the proceedings at issue here, section 524 provided in pertinent part:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, *only if*—

(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;

(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;

*(3) the provisions of subsection (d) of this section have been complied with; and*

. . . . .

(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 721, 1141, or 1328 of this title, the court shall hold a hearing at which the debtor shall appear in person. At such hearing, the court *shall* inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. *If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then at such hearing the court shall—*

(1) inform the debtor—

(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and

(B) of the legal effect and consequences of—

(i) an agreement of the kind specified in subsection (c) of this section; and

(ii) a default under such an agreement;

. . . .

11 U.S.C. § 524 (1982) (emphasis added).[1]

These statutory provisions require that the bankruptcy court inform the debtor directly whether or not he has been granted a discharge. In addition, the court must inform a debtor who desires to make a reaffirmation of the consequences of the agreement and that such an agreement is not required under the bankruptcy code or any other law. Section 524(c)(3) provides that a reaffirmation agreement is unenforceable unless, among other things, these provisions of section 524(d) have been complied with.

▮ Both the structure of subsections (c) and (d) and their language demonstrate congressional intent that a reaffirmation agreement be vitiated unless it is brought to the attention of the bankruptcy court and the debtor is given an informed option to be free of the obligation. If the debtor does not bring such an agreement to the attention of the court, then the debtor will not receive the required section 524(d) admonitions, and the reaffirmation has no legal effect.[2] The burden of informing the

---

**1.** The 1984 amendments to the bankruptcy code, not applicable to this case, require that reaffirmation agreements be filed with the court. 11 U.S.C.A. § 524(c)(3) (West Supp.1988). The debtor's lawyer must also submit an affidavit that the reaffirmation agreement is a "fully informed and voluntary agreement" that "does not impose an undue hardship on the debtor or [his dependents]." *Id.* The debtor must still appear in court for admonitions that the debtor is not required to make reaffirmation agreements. *Id.* § 524(d)(1).

**2.** The legislative history demonstrates that the 1978 version of § 524 was designed to protect the debtor from undue pressure from creditors and that the duty is on the bankruptcy court to assure that protection. *See generally*, H.R.Rep. No. 595, 95th Cong., 1st Sess. 162–64, *reprinted*

*in* 1978 U.S. Code Cong. & Admin. News 5787, 5963, 6123–25 (discussing House version of Bankruptcy Reform Act banning all reaffirmation agreements in order to preserve the fresh-start goal of bankruptcy laws); 124 Cong.Rec. 32,392, 32,399 (1978) (statement of Rep. Edwards reporting to House on final compromise drafts, explaining that limited reaffirmations will be allowed pursuant to court approval under § 524, and that "[e]very reaffirmation to be enforceable must be approved by the court. . . . [T]he court must advise the debtor of various effects of reaffirmation at a hearing").

The 1984 amendments themselves, although not applicable to this case, demonstrate the continuing congressional intent to closely regulate reaffirmation agreements in the interest of the debtor. Under the amended statute:

bankruptcy court of a reaffirmation rests upon a debtor only if the debtor "desires" that the reaffirmed debt have continuing vitality after his discharge. 11 U.S.C. § 524(d). These stringent provisions reflect the intent of Congress that the debtor be protected from his own actions undertaken during the bankruptcy proceedings unless he insists in open court that he wants to be liable on the reaffirmed debt after discharge. Thus a debtor's silence during his discharge hearing concerning the existence of a reaffirmation and the consequent absence of section 524 admonitions from the court invalidates the reaffirmation instrument. *See In re Roth*, 43 B.R. 484, 487–88 (N.D.Ill.1984); *In re Jackson*, 49 B.R. 298, 302 (Bankr.D.Kan.1985).

A reaffirmation agreement puts a creditor on notice that a debt otherwise dischargeable in bankruptcy is being reaffirmed. A creditor who is the beneficiary of a reaffirmation by a debtor can bring the reaffirmation to the attention of the debtor and the court.[3] Such creditor action would advance the creditor's interest in having the reaffirmation validated and might bring legitimate pressure on the debtor to honor the reaffirmed debt. Section 524(d) is structured, however, to impress upon the debtor that any obligation he feels to pay the reaffirmed debt must generate from his personal desire, not from a legal obligation. Bringing reaffirmation agreements into the light of open court at the discharge hearing thus has an antiseptic effect on any undue creditor pressure.

The district court correctly interpreted section 524(d) as mandating admonitions for reaffirming debtors. It held, however, that a debtor who in bad faith failed to notify a bankruptcy judge of a reaffirmation agreement could be denied discharge of the reaffirmed debt. The district court then remanded the case for a determination whether Arnhold had acted in bad faith in not alerting the bankruptcy court to his reaffirmation agreement with Kyrus.[4]

Suffice it to say that the general rule requiring good faith by parties in bankruptcy applies to both debtors and creditors who are subject to the provisions of section 524.[5] For example, a debtor who attempts to induce a creditor to part with additional consideration on the promise of reaffirmation, while intending to have the entire debt discharged, might, under some circumstances, be found to have sought the protection of the bankruptcy laws in bad faith.

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable ... only if—

. . . . .

(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;
(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—
(A) represents a fully informed and voluntary agreement by the debtor; and
(B) does not impose an undue hardship on the debtor or a dependent of the debtor;
(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of recission to the holder of such claim;
(5) the provisions of subsection (d) of this section [providing for a hearing with judicial admonitions] have been complied with; ....

3. The 1984 amendment adds the additional safeguard of requiring that the reaffirmation agreement be filed with the bankruptcy court. 11 U.S.C.A. § 524(c)(3) (West Supp.1988).

4. The district court relied on a "bad faith" exception to section 524's reaffirmation requirements, articulated in dicta in *In re Roth*, 43 B.R. 484, 488 n. 4 (N.D.Ill.1984). *Cf. In re Artis*, 27 B.R. 863, 865–66 (Bankr.E.D.N.Y.1983) (thirty day right of rescission under section 524(c) limited by principles of equity).

5. For discussions of the broad requirements of good faith in bankruptcy law, *see generally Matter of Little Creek Development Co.*, 779 F.2d 1068, 1071–72 (5th Cir.1986); *Deans v. O'Donnell*, 692 F.2d 968, 969–72 (4th Cir.1982); *Matter of Grieshop*, 63 B.R. 657, 662–63 (N.D.Ind.1986); *In re Victory Construction Co.*, 9 B.R. 549, 551–60 (Bankr.C.D.Cal.1981).

Silence of a debtor during a discharge hearing standing alone, however, cannot amount to such bad faith because the statute is structured to permit such inaction. Section 524(d) contemplates that if the debtor desires the reaffirmed debt to have vitality after discharge, he must positively indicate that to the court. The debtor has no duty affirmatively to avoid discharge of the reaffirmed debt. Rather, the debtor must take specific in court action to preserve the claim of a favored creditor.

The district court remanded the case on the bad faith issue. In this it erred, since Kyrus did not raise the bad faith issue. Neither we nor the district court should ordinarily structure an issue neither raised by the parties nor considered by the bankruptcy court.[6] *See In re Air Conditioning, Inc.,* 845 F.2d 293, 298 (11th Cir.1988); *In Re Scaife,* 825 F.2d 357, 362 (11th Cir. 1987).

In view of the above, the order of the district court is affirmed in part, reversed in part, and remanded for the entry of judgment in favor of Arnhold.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.

---

**6.** While not treating the bad faith issue, we reiterate that a debtor's silence standing alone cannot amount to bad faith.