**In re Andrew Kenneth RICHARDSON and Penny Sue Richardson, Debtors.**

**Andrew Kenneth RICHARDSON, Plaintiff,**

v.

**CHRYSLER FIRST FINANCIAL SERVICES CORPORATION, Defendant.**

**Bankruptcy No. 87–3846–9P7.**

**Adv. No. 89–084.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

June 30, 1989.

Bill Berke, Cape Coral, for plaintiff.

James L. Goetz, of Goetz, Hartman & Landsteiner, Fort Myers, Fla., for defendant.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the immediate matters under consideration are Cross–Motions for Summary Judgment filed by Andrew Kenneth Richardson (Debtor) and Chrysler First Financial Services Corporation (Chrysler First), the Defendant. The claim in the one-count Complaint filed by the Debtor seeks a declaratory judgment that a debt which the Debtor owes to Chrysler First is a dischargeable obligation, notwithstanding that the Debtor voluntarily signed a Reaffirmation Agreement of that debt owed to Chrysler First on September 1, 1987. Both the Debtor and Chrysler First agree that there are no genuine issues of material facts and each contend that they are entitled to a judgment as a matter of law.

The Court has considered the Motions, together with the record, heard argument of counsel and now finds the relevant facts to be as follows.

Prior to the filing of the Joint Petition for Relief under Chapter 7 of the Bankruptcy Code, the Debtor obtained from Chrysler First cash advances through the use of a credit card issued to the Debtors by Chrysler First. It appears that the number of cash advances made by the Debtor totalled $3,004.50 and were extensions of consumer credit on an open-ended credit plan obtained with twenty (20) days before the entry of the Order for Relief.

On July 16, 1987, the Debtors filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code. On September 1, 1987, prior to the Debtors' receiving their discharge, the Debtor signed a Reaffirmation Agreement reaffirming the debt to Chrysler First in the amount of $3,004.50. Pursuant to the terms of the Reaffirmation Agreement, the Debtor agreed to pay $148.55 per month to Chrysler First, the

payments called for by the original note and financing agreement entered into with Chrysler First. Paragraph E of the Reaffirmation Agreement states the following:

> (E) The debtor makes this agreement with knowledge that he is not required to do so by bankruptcy law or any other law, and with full awareness of his rescission rights as outlined below.

It should be noted also that at the bottom of the Reaffirmation Agreement contained the following language:

> Notice to Debtor: This agreement may be rescinded at any time prior to discharge, within 60 days after this agreement is filed with the court, whichever occurs later, by giving notice of rescission to the creditor.

The Reaffirmation Agreement was signed by the Debtor and by Barry Patton, apparently the branch manager for Chrysler First. Attached to the Reaffirmation Agreement was a document entitled, "Declaration of Attorney for Debtor", which was signed by Bill E. Berke, Esq., counsel of record for both the Debtors. Mr. Berke signed his name to this document which in Paragraphs 2 and 3 indicated that he represented the Debtors during the course of negotiating the Reaffirmation Agreement and that the Agreement represents a fully informed and voluntary agreement by the Debtor, and that the Agreement does not impose an undue hardship on the Debtor or on the dependents of the Debtor.

Notwithstanding that this Reaffirmation Agreement was signed by the various parties and was filed with this court on February 17, 1989, the Debtor filed this adversary proceeding seeking a declaratory judgment that the Reaffirmation Agreement was invalid in that no hearing was held pursuant to 11 U.S.C. § 524(d) of the Bankruptcy Code which requires that the Court shall approve a Reaffirmation Agreement only after a hearing in which the Debtor demonstrates that he has full knowledge of what the Reaffirmation Agreement imposes and that it would not be an undue hardship for him to enter into the Reaffirmation Agreement. The Debtor further requests that the Court determine that the debt owed to Chrysler First is a dischargeable obligation.

In opposition to the Debtor's Motion for Summary Judgment, Chrysler First contends that the Reaffirmation Agreement is valid and binding inasmuch as no hearing was required since the Agreement contains the necessary notice to the Debtor that he could rescind the Agreement at the given bar date and further incorporated the declaration by the Debtor's counsel that the Debtor was advised of the consequences of the Reaffirmation Agreement and voluntarily entered into it anyway. In addition, Chrysler First in its counterclaim alleges that the debt due and owing from the Debtor to Chrysler First represents cash advances which are extensions of consumer credit on an open-ended credit plan as defined by § 523(a)(2)(C) of the Bankruptcy Code, and that such cash advances were obtained by the Debtor within twenty (20) days before the entry of the Order for Relief herein and, therefore, they are presumed to be nondischargeable pursuant to that same Section.

Basically, these are the salient facts and contentions of the various parties to which this Court must make the initial determination of first, whether or not the Reaffirmation Agreement entered into by the Debtor and Chrysler First is a valid and enforceable Reaffirmation Agreement.

Section 524(c)(1) of the Bankruptcy Code provides in relevant part as follows:

### § 524. EFFECT OF DISCHARGE

> (c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—
>
> (1) such agreement was made before the granting of the discharge under section 727 ...
>
> (2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after

such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor or a dependent of the debtor....

Section 524(c) goes on to state that the Reaffirmation Agreement is valid and enforceable unless the Debtor has rescinded the Agreement at the time prior to his discharge or within sixty (60) days after the Agreement is filed with the court, whichever occurs later.

■ There is no doubt that the foregoing provisions have been complied with. The difficulty stems from the confusing language of § 524(d) of the Bankruptcy Code which in the first part of the Section makes it optional to hold a hearing on confirmation agreements and the last sentence which seemingly mandates a hearing if the discharge has been granted and if the debtor desires to make an agreement, then the court shall hold a hearing. The original version of § 524(d) without doubt mandated a discharge hearing whether or not the debtor desired to reaffirm any debts. 124 *Cong.Rec.* H–11096 (daily ed. September 28, 1978); S. 17413 (daily ed. October 6, 1978); remarks by Rep. D. Edwards and Sen. DeConcini. Subsection (a) of § 524 was amended by § 257(a) of the Bankruptcy Act of 1986 and eliminated the mandatory requirement of having discharge hearings. This amendment left the question open and did not shed any light on the meaning of the second part of the Section which seemingly mandates a hearing if the debtor entered into a reaffirmation agreement after the entry of an order granting the debtor a discharge. A fair reading of the entire Section as amended permits no other conclusion than that reaffirmation hearings are still required and they are not valid and enforceable unless hearing is held, and the agreement is approved by the court.

■ However, the circumstances in this particular case warrant a finding that the Agreement is enforceable, notwithstanding that a hearing was not held on the Agreement. This is so because the circumstances are such that the Debtor is now estopped from asserting that the Agreement is invalid. In this particular instance, the Debtor entered into the Agreement with Chrysler First who, believing the Agreement was valid and enforceable, did not file an adversary proceeding pursuant to § 523(a)(2) of the Bankruptcy Code within the applicable bar date. Now that the time for filing such an adversary proceeding has passed, the Debtor for the first time challenges the validity of the Agreement. This Court is satisfied that under the circumstances of this particular case, the Debtor should be estopped, under equitable principles, to assert that the Agreement is not enforceable and the debt it represents, nondischargeable.

Based on the foregoing, this Court is satisfied that the Reaffirmation Agreement entered into between the Debtor and Chrysler First is a valid and enforceable Reaffirmation Agreement.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the counterclaim raised by Chrysler First be, and the same is hereby, rendered moot.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.