**In re William Kevin DABBS and Melody Renee Dabbs, Debtors.**

**Bankruptcy No. 89–02279.**

United States Bankruptcy Court, N.D. Florida, Panama City Division.

Feb. 22, 1991.

Douglas L. Smith, Panama City, Fla., for Tyndall.

Brian Dusseault, Panama City, Fla., for debtors.

Charles Wynn, Marianna, Fla., Trustee.

---

## ORDER ON VALIDITY OF REAFFIRMATION AGREEMENT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This matter came before the Court on Tyndall Federal Credit Union's ("Tyndall") motion to reopen the case and determine the validity of a reaffirmation agreement. The parties dispute whether the reaffirmation agreement is enforceable due to the fact that a hearing was not held pursuant to 11 U.S.C. § 524(d). This matter requires the Court to interpret § 524(d) and its relation to § 524(c) and determine whether, in all instances, a reaffirmation hearing is required before a reaffirmation agreement may be enforceable.

Tyndall asserts that a reaffirmation hearing is not required when a debtor is represented by counsel and the agreement was not rescinded prior to discharge or within sixty days from the date the agreement was filed with the court. The Chapter 7 debtors contend that in order for a reaffirmation agreement to be valid a hearing is always necessary. Having considered the arguments of counsel, and for

the reasons set forth below, we find that the reaffirmation agreement is enforceable.

The debtors filed their petition for protection under Chapter 7 of the Bankruptcy Code on November 6, 1989. Along with the petition, the debtors filed their statement of intention to retain the Pontiac Firebird in which Tyndall held a security interest. On December 14, 1989, the debtors agreed to reaffirm their debt to Tyndall. The agreement, filed with the court on December 19, 1989, included an affidavit by the Debtor's attorney that the debtors entered into the agreement voluntarily and that the agreement would not impose undue hardship on the debtors. By reaffirming the debt the debtors retained the automobile but were required to cure the default and remain current on the original agreement securing the automobile. The debtors received their discharge from bankruptcy on February 21, 1990. They made two payments to Tyndall, in January and February, 1990, but did not cure the previous default. Tyndall repossessed the automobile and then sought a deficiency judgment in state court. The state court, after examining and interpreting 11 U.S.C. §§ 524(c)(5) and (d), denied Tyndall's motion for summary judgment for amounts due under the reaffirmation agreement. Tyndall then moved for this court to reopen the bankruptcy case and determine the validity of the reaffirmation agreement.

Tyndall asserts that Bankruptcy Code § 524(c) requires a hearing on a reaffirmation agreement only when a debtor is not represented by an attorney or when the debtor makes the agreement after discharge. The debtors contend that the case law is clear that § 524(d) requires a hearing in all cases where the debtor has agreed to reaffirm a debt. *In re Saeger,* 119 B.R. 184 (Bkrtcy.D.Minn.1990), *Arnhold v. Kyrus,* 851 F.2d 738 (4th Cir.1988).

### Conclusions of Law

When a debtor chooses to reaffirm a debt, Bankruptcy Code § 524(d), by its terms, directs the court to hold a hearing to inform the debtor—

(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and

(B) of the legal consequences of—

(i) an agreement of the kind specified in subsection (c) of this section; and

(ii) a default under such an agreement.

Subsection (c) allows a debtor to reaffirm debts owed to creditors that would otherwise be discharged in bankruptcy. The agreement is enforceable only if the agreement—

(1) was made before the granting of the discharge;

(2) the agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after the agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(3) the agreement has been filed with the court and ... accompanied by a declaration or an affidavit of the [debtor's attorney] ... which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor or a dependent of the debtor;

(4) the debtor has not rescinded the agreement at any time prior to discharge or within sixty days after such agreement is filed with the court ...;

(5) the provisions of subsection (d) of this section have been complied with.

Many courts have held that subsection (d) is a hard and fast rule that requires the court to hold a hearing in all instances where the debtor reaffirms a debt. *See Saeger* and *Arnhold, supra,* and *In re Richardson,* 102 B.R. 254 (Bkrtcy.M.D.Fla. 1989). In *Arnhold,* the Fourth Circuit determined that if the reaffirmation agreement is not brought to the attention of the

court, "the debtor will not receive the required section 524(d) admonitions, and the reaffirmation has no legal effect." 851 F.2d at 740. This provision protects the debtor "from his own actions undertaken during the bankruptcy proceedings."

■ The issue before us is whether § 524(d) requires a hearing when the hearing would occur after the discharge and after the expiration of the sixty day period to rescind. The purpose of the hearing is for the court to inform and to make certain the debtor understands the agreement. The court does not have the authority to disapprove the agreement and no judicial action is required when the provisions of § 524(c)(3) have been complied with.

Bankruptcy Rule 4008 requires that the discharge hearing be held within thirty days *after* the discharge. If the court were to hold a hearing it would have to be after the discharge. If the hearing was also after the expiration of the sixty day period for the debtor to rescind, the debtor could not then rescind the agreement. Even if the debtor did not want to be bound by the agreement, he would be without a remedy.

The court in *In re Davis*, 106 B.R. 701 (Bkrtcy.S.D.Ala.1989), considered a situation similar to the matter at hand. In that case, the debtor sought to rescind a reaffirmation agreement after the discharge had been entered but prior to the hearing being held. The court held that since the debtor sought to rescind the agreement more than sixty days from the filing of the agreement and subsequent to the granting of her discharge, "the agreement cannot be rendered unenforceable." The court went on to say that it was powerless to provide the debtor with a remedy. Additionally, it stated that conducting a hearing to admonish the debtor after the respective time periods had passed was similar to giving post-conviction *Miranda* warnings. 106 B.R. at 702. The court in *Saeger* also recognized that in such situations the admonitions would be

moot. 119 B.R. at 188 n. 4. To hold that the agreement would be unenforceable without a hearing when such hearing would have been heard after the passage of the discharge and the sixty days would be unjustified. At that point the debtor could not rescind the agreement. The hearing would be nothing more than telling the debtor, "here's what you did, but the time has past for you or me to do anything about it."

The matter at hand is a case where the admonitions would be moot and similar to post-conviction *Miranda* warnings. The reaffirmation agreement was filed with the court on December 18, 1989 and the debtors were discharged on February 21, 1990. The sixty day time period to rescind would have expired on or around February 16, 1990. The debtors did not give notice of rescission prior to the discharge, the later of the two dates. In fact, they made payment to Tyndall on February 26, 1990. If the court had held a hearing after the discharge it would have been too late for the debtor to rescind the agreement. In this instance, to require a hearing before the reaffirmation agreement could be rendered enforceable is meaningless. The requirement of a hearing would seem to allow the debtor to enter into the agreement, fail to appear at the hearing[1], decide not to perform under the agreement, and then claim that the agreement is unenforceable because a hearing was not held. We do not believe this is what Congress had in mind when it enacted this provision.

■ The Senate Report to the 1984 amendment of § 524(c) states that the purposes of the new section are (1) to lower the cost to the parties of the reaffirmation transaction; (2) to minimize the potential burden on the bankruptcy court, and (3) to ensure that the court is properly informed of such agreements so that it may exercise equitable powers to protect the debtor from overreaching creditors. The section is designed to "encourage the prompt exe-

---

1. While the court could compel the debtor to attend a subsequently scheduled hearing and impose an appropriate sanction for failing to attend, it seems completely incongruous to take such action where the purpose of the hearing is to advise the debtor of the consequences of a totally voluntary act.

cution and implementation of good faith reaffirmation agreements." (S.Rep. No. 65, 98th Cong., 1st Sess. 59, 60 (1983) (Senate Report accompanying S. 445, Omnibus Bankruptcy Improvements Act of 1983, which was a forerunner to the Bankr. Amend.Act of 1984)). It is clear the section was enacted to be a shield to protect innocent debtors from unscrupulous creditors and not to be a sword to be used by the debtors when they so desired. The requirement of a hearing after the discharge would raise, not lower, the costs of the creditors and would not minimize the burden on the court. The requirement places the burden on the court to schedule the hearing and would put the risk on the creditor that the debtors would not attend a hearing in which they had nothing to gain. Therefore, we decline to follow the majority of courts that have interpreted § 524(d) to require a reaffirmation hearing in all instances where a debtor decides to reaffirm a debt.

 Courts that have interpreted § 524(d) have held that the provision clearly requires a reaffirmation hearing. However, "if a literal construction of the words of a statute be absurd, the act must be so construed as to avoid the absurdity." *Church of the Holy Trinity v. United States,* 143 U.S. 457, 460, 12 S.Ct. 511, 512, 36 L.Ed. 226 (1882). We find that a hearing to admonish the debtor of the effects of the reaffirmation agreement is not required to validate the agreement when the agreement is filed more than sixty days prior to the date of the discharge in bankruptcy. Accordingly, it is

ORDERED AND ADJUDGED that Tyndall's motion to reopen the case is granted for the purpose of determining whether the reaffirmation agreement is valid. Further, the reaffirmation agreement entered into by Tyndall and the debtors is valid.

DONE AND ORDERED.