**In re Derek M. HITT, and Vicki L. Hitt, Debtors.**

**Bankruptcy No. 91–10391–7.**

United States Bankruptcy Court, D. Montana.

March 11, 1992.

Renee L. Moomey, Billings, Mont., for GMAC.

Jerrold Nye, Nye & Meyer, P.C., Billings, Mont., for debtors.

## ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 7 case, the Debtors have filed a motion to rescind a Reaffirmation Agreement with General Motors Acceptance Corporation (GMAC). GMAC resists the motion, and hearing was held on the matter on February 11, 1992. Both parties have filed memoranda in support of their respective positions.

The facts are not in dispute. On February 1, 1991, Derek Hitt (Debtor) and Frontier Chevrolet Co., Billings, Montana, entered into a Retail Installment Sale Contract for the purchase of a 1988 Ford Aerostar. Thereafter, the Debtor's obligation to Frontier Chevrolet was in due course assigned to GMAC. GMAC assumed the Contract based on credit information given to Frontier Chevrolet by the Debtor.

The first installment was due under the Contract on March 18, 1991. The Debtor, however, filed for relief under Chapter 7 of Title 11, United States Code, on March 12, 1991. Therefore, the first payment under the Contract was not made. Soon after the Debtor's petition was filed, the Debtor contacted GMAC and expressed his intention to reaffirm the debt with GMAC. At that time, all parties had a copy of the Retail Installment Sale Contract and the lien filing information. Despite the fact that the Contract was entered into only 45 days prior to the Bankruptcy filing, the Debtor voluntarily signed a Reaffirmation Agreement, with his counsel's agreement and advice, which listed the debt owed to GMAC as $13,153.89, and the market value of the vehicle $10,650. Thereafter, the Agreement was approved by this Court on April 15, 1991, without a hearing. Five (5) payments were made under the Agreement in an amount totalling $1,399.35.

The Debtor received his discharge on July 19, 1991. In August 1991, the Chapter 7 Trustee notified GMAC that he considered the lien on the vehicle to be a preference, and requested that GMAC voluntarily sign a lien release. GMAC voluntarily sent a lien release to the Chapter 7 Trustee on August 22, 1991, and, as in-

structed by the Trustee, filed its Proof of Claim as an unsecured creditor for the remaining debt due under the Conditional Sales Contract. On August 23, 1991, the Debtor filed an adversary complaint requesting the Court to void GMAC's lien and that GMAC return all funds paid under the agreement. The Debtor further gave notice of revocation of the agreement.

In its answer to the adversary complaint, dated September 20, 1991, GMAC stated that the lien had already been released and that the time period for revocation of the agreement by the Debtor had already expired. Thus, payments were not returned to the Debtor. On September 25, 1991, the Court entered its Order dismissing the complaint. The Debtor did not appeal that dismissal.

The Debtor stopped making payments under the Reaffirmation Agreement. After GMAC sent a letter demanding payments pursuant to the terms of the agreement, the Debtor filed his Motion to Nullify and Rescind the Reaffirmation Agreement.

GMAC contends the Reaffirmation Agreement is valid and binding, that the Debtor failed to rescind within 60 days as required by § 524(c), that the dismissal of the adversary proceeding is *res judicata* on the issue, and the agreement is binding under Montana law dealing with rescission.

■ As to the effect of Montana law on § 524(c), the Bankruptcy Code alone determines the issue under the supremacy clause. *See, In re Lewis Industries*, 75 B.R. 862, 872, Ftn. 3 (Bankr.Mont.1987). Congress has determined an individual's right to discharge of a debt and reaffirmation of that dischargeable obligation under § 524(c) and (d) to the exclusion of state action.

■ *In re Ellis*, 103 B.R. 977, 980–81 (Bankr.N.D.Ill.1989), discussing § 524(c), holds:

A reaffirmation agreement is enforceable only if: 1) the agreement was made in advance of the debtor's discharge; 2)

the agreement contains a clear and conspicuous statement advising the debtor that the agreement may be rescinded anytime prior to discharge or within 60 days after the agreement is filed with the court, whichever occurs later; 3) the agreement has been filed with the court; 4) the debtor has not rescinded the agreement; 5) the debtor has been warned by the judge as to the effects of the agreement; 6) the court finds that the agreement does not impose an undue hardship on the debtor; and 7) the court finds that the agreement is in the debtor's best interest. 11 U.S.C. § 524(c). These measures are necessary to prevent the debtor from being coerced into signing a reaffirmation agreement and to enable the debtor to be fully aware of its consequences. *In re Smurzynski*, 72 B.R. 368, 371 ([Bankr.] N.D.Ill.1987).

The 1984 amendments to section 524(c), Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, substantially revised the reaffirmation procedures of the 1978 Code. Whereas the 1978 Code required prior approval for a reaffirmation agreement to be effective, the amendments in 1984 provide for immediate effectiveness of the agreement upon its filing with the Court, subject nevertheless, to the requirement of § 524(d), that the Court upon hearing may review the agreement pursuant to the exercise of its equitable jurisdiction. Under F.R.B.P. 4008, a discharge hearing is not mandatory, unless the Debtor desires to enter into a reaffirmation agreement. Advisory Committee Note (1991). Rule 4008 requires the Debtor to file a motion for approval of the reaffirmation agreement prior to the discharge hearing. Additional amendments were made in 1986 as explained in *In re Richardson*, 102 B.R. 254, 256 (Bankr. M.D.Fla.1989) discussing § 524(d).

Subsection (a) of § 524 was amended by § 257(a) of the Bankruptcy Act of 1986 and eliminated the mandatory requirement of having discharge hearings.[1]

---

**1.** The court is in error as to the context of the 1986 amendment. Subsection (a) of § 524 was amended in 1986 by § 257(*o*) to cross reference

§ 1228. The court obviously means that subsection (d) was amended by § 257(*o*)(1) of the Bankruptcy Act of 1986 and by § 282 to delete

This amendment left the question open and did not shed any light on the meaning of the second part of the Section [524(d)] which seemingly mandates a hearing if the debtor entered into a reaffirmation agreement after the entry of any order granting the debtor a discharge. A fair reading of the entire Section as amended permits no other conclusion than that reaffirmation hearings are still required and they are not valid and enforceable unless hearing is held, and the agreement is approved by the court.

*Contra, In re Dabbs*, 128 B.R. 307 (Bankr. N.D.Fla.1991) (acknowledging "many" courts have held § 524(d) is a hard and fast rule requiring a reaffirmation hearing in all instances, but declining to follow the rule because it is "absurd" to admonish the debtor after the fact). *Dabbs* ignores the plain language of the statute. From the above facts and law, I determine there was no hearing on the Reaffirmation Agreement. On that basis, it is voidable.

■ GMAC argues the Debtor is estopped to raise such issue because of Court approval of the Reaffirmation Agreement and subsequent payments by the Debtor pursuant to the agreement. As noted above, Rule 4008 requires the Debtor to file a motion for approval of the Reaffirmation Agreement before entry of discharge. Such motion would trigger the reaffirmation hearing. The Debtor failed to comply with Rule 4008. Estoppel against the Debtor was invoked by the court in the *Richardson* case, supra. However, in that case, the Debtor attacked the validity of the agreement. In the present case, belated action by the Chapter 7 Trustee, to which GMAC acquiesced, caused a material change in the circumstances under which the agreement was made. Specifically, GMAC confessed its lien on the motor vehicle was void, and caused a release of the lien. The Debtor challenges the agreement on this basis, not the failure of a hearing. More important, the equities weigh against

GMAC because on August 15, 1991, that creditor filed an unsecured claim of $12,039.45 against the estate, thereby seeking a pro-rata payment of its claim from the dividends to be paid by the estate. GMAC cannot have it both ways. It cannot seek payment from the estate, and still bind the Debtor under the Reaffirmation Agreement. Estoppel, being an equitable remedy, runs more against GMAC than it does the Debtor. For this reason also, I do not consider the dismissal of the adversary complaint binding against the Debtor when the issue of rescission was not in fact litigated due to the confession in GMAC's answer that the lien was voided, which was the subject matter of that proceeding.

■ The provisions of § 524(c) and (d) reflect "the intent of Congress that the debtor be protected from his own actions undertaken during the bankruptcy proceedings unless he insists in open court that he wants to be liable on the reaffirmed debt after discharge." *Arnhold v. Kyrus*, 851 F.2d 738, 741 (4th Cir.1988). *In re Davis*, 106 B.R. 701, 703–04 (Bankr.S.D.Ala.1989), discussing the rescission provision of 60 days before discharge by the 1984 amendment states in support of GMAC's position:

> The 1984 amendments to § 524, however, dramatically changed the reaffirmation process. Now, a debtor can only rescind a reaffirmation agreement by giving notice to the creditor with which it has reaffirmed indebtedness any time prior to receiving its discharge or within sixty days after the agreement is filed with the court. See 11 U.S.C. § 524(c)(4) (1988 Ed.). Furthermore, the court must now only approve agreements when the debtor was not represented by an attorney during the course of negotiating the reaffirmation agreement. See 11 U.S.C. § 524(c)(6) (1988 Ed.).

> \* \* \* \* \* \*

As laudable as Congress' goals are, the hearing held pursuant to § 524(d) no

---

the requirement that the court "shall" hold discharge hearings, but added the present language that "the court shall hold a hearing at which the debtor shall appear in person" if a discharge has

been granted and the debtor desires to enter into a reaffirmation agreement. Plainly, reaffirmation hearings are still required.

longer serves the purpose Congress intended. Since in most instances the court is no longer involved in the approval of reaffirmation agreements, the purpose to be served by § 524(d) has been frustrated. Here, the debtor was represented by counsel. In addition to being advised by counsel, she was admonished by the court, albeit after she was granted a discharge. * * *

Since her attempted rescission is more than sixty days from the filing of the agreement with the court and subsequent to the granting of her discharge, the agreement cannot be rendered unenforceable under § 524(c)(4) (1988 Ed.).

The distinguishing fact in the case *sub judice* and *Davis* is that the court held a hearing under 11 U.S.C. § 524(d), where the Debtor was informed of the legal effect of the reaffirmation agreement and her right not to enter into such agreement.

Further, the change in circumstances from the date of the Reaffirmation Agreement and its approval by the Court as to the secured status of GMAC weighs heavily against enforcement of the agreement. The bankruptcy court as a court of equity has the power to look through the form to the substance of a transaction in order to prevent abuses of the bankruptcy process. 11 U.S.C. § 105(a). The Ninth Circuit states that "[a]s courts of equity, bankruptcy courts 'will look through the form to the substance of any particular transactions and may contrive new remedies where those in law are inadequate ...'". *In re Global Western Development Corp.*, 759 F.2d 724, 727 (9th Cir. 1985) (*quoting In re Madeline Marie Nursing Homes*, 694 F.2d 433, 436 (6th Cir.1982)). The mistaken belief as to the GMAC's perfected security interest was unquestionably the driving force for execution of the Reaffirmation Agreement on both sides. Since later events during the course of the administration of the estate changed that status, this Court under § 105(a) has the duty and right to correct the mistake and fashion an appropriate remedy. The payments made by the Debtor are tantamount to rent for the use of the vehicle. But the balance of the Reaffirma-

tion Agreement cannot stand and is voided, so that the claim of GMAC is subject to the discharge Order entered by the Court.

IT IS ORDERED the motion of the Debtor to rescind the Reaffirmation Agreement of April 15, 1991, with GMAC is granted, the Order of April 19, 1991, is vacated, the balance due under the agreement is void and the claim of GMAC is discharged as a general, unsecured claim.