**In re Lucinda Mary CHURCHILL, Debtor.**

**Bankruptcy No. 87 B 14372 J.**

United States Bankruptcy Court, D. Colorado.

Aug. 18, 1988.

---

Ruth S. Mares, Cogswell and Wehrle, P.C., Denver, Colo., for debtor.

Barry Meinster, Meinster and Blaum, Denver, Colo., for United Air Lines Employees' Credit Union.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

On November 27, 1987, the Debtor filed her Chapter 7 petition. On February 2, 1988, the Debtor signed a Reaffirmation Agreement with United Air Lines Employees' Credit Union ("United"), reaffirming a $17,012.07 debt secured by an automobile with a retail value of $5,760.00. United executed the Agreement on February 4, 1988. Debtor's counsel executed a declaration pursuant to 11 U.S.C. § 524(c)(3) at the bottom of the Agreement. The Agreement was filed with the Court on April 8, 1988.

On May 23, 1988, the Court granted Debtor a discharge and set a hearing pursuant to 11 U.S.C. § 524(d) for June 21, 1988.

On June 17, 1988, Debtor, through counsel, filed a Notice of Rescission. That Notice was signed and mailed to United on June 13, 1988.

At the request of the Debtor, the hearing set for June 21, 1988, was rescheduled for August 16, 1988.

The sole issue before the Court is whether or not there is a valid, binding, reaffirmation agreement between the parties.

Section 524(c) sets forth the requirements for a valid reaffirmation agreement in the six subsections thereto. Each and every such subsection must be met. Subsection (1) was met because the Agreement was made prior to the granting of a discharge. Subsection (2) was met because the Agreement contains a clear and conspicuous statement advising the debtor of her rights of rescission and the correct time limits involved. Subsection (3) was met because the Agreement was filed with the Court and it did contain an appropriate declaration of Debtor's attorney. Subsection (4) was met because the debtor had not rescinded by May 23, 1988 (date discharge was granted) or by June 7, 1988 (60 days after Agreement was filed with the Court). Subsection (6) is inapplicable because this Debtor was represented by an attorney. However, subsection (5) was not met. That subsection requires that the provisions of § 524(d) have been complied with.

In pertinent part, § 524(d) provides that "If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then the court shall hold a hearing at which time the debtor shall appear in person and at such hearing the court shall [inform the debtor of the consequences of such an agreement]." Such a hearing and an advisement was not held or conducted by the Court in this case. Thus, one of the essential elements for a binding reaffirmation agreement is missing and there is no valid and binding agreement in this case.

The elements of § 524(c) are statutory and, even if some of them seem redundant, superfluous, or even a waste of time and resources, such elements are, nevertheless, required by Congress. Courts are not to rewrite the laws, but to enforce them as written. If creditors want binding reaffirmation agreements, they must ensure that their debtors appear and be advised as required by §§ 524(c)(5) and (d). It is, therefore,

ORDERED that because the requirements of 11 U.S.C. § 524(c) have not been met, there is no valid reaffirmation agreement in this case.