**In re Joseph Eugene WALLACE, Debtor.**

**Bankruptcy No. 89–00895–SN7.**

United States Bankruptcy Court, E.D. North Carolina.

July 26, 1989.

Robert U. Johnsen, Wilmington, N.C., for debtor.

ORDER

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the reaffirmation agreement between the chapter 7

debtor, Joseph E. Wallace, and General Electric Capital Corporation, as servicing agent for the Government National Mortgage Association. The reaffirmation agreement was filed with the court on July 3, 1989, and involves a debt secured by a "manufactured home" (a 60 × 24 1977 Pinecrest mobile home, North Carolina Motor Vehicle Serial # L–1358P A & B).

The reaffirmation agreement (a copy, without exhibits, is Appendix A to this order) provides for the reaffirmation of a debt in the amount of $6,904.69. The agreement also provides that: the stay of § 362 is lifted (paragraph # 4); the right of redemption under § 722 is waived and "barred" (paragraph # 4); the debtor shall surrender possession of the collateral (his home) upon failure to provide evidence of insurance, failure to make a payment, failure to comply with any contract term, or rescission of the agreement (paragraph # 5); and if, upon default, the debtor does not deliver the collateral to the creditor, then the debtor must "immediately surrender" the home to the U.S. Marshal "who is employed and authorized to take possession of the Manufactured Home upon failure to so surrender" (paragraph # 5).

At the time of the reaffirmation agreement, the debtor was current in his payments under the reaffirmed debt. Nevertheless, the debtor executed the agreement and debtor's counsel signed a declaration, which states that the debtor was represented by counsel and that the reaffirmation agreement "represents a fully informed and voluntary agreement by the Debtor(s) and does not impose an undue hardship on the Debtor(s) or a dependent of the Debtor(s)." The agreement was filed with the court on July 3, 1989, and the court conducted a telephone hearing on July 14, 1989, to inform the debtor of the matters set forth in 11 U.S.C. § 524(d)(1).[1]

In addition to filing the agreement with the court, the parties submitted a proposed order for the court to approve the reaffirmation agreement. The proposed order contains findings that the agreement is in the best interest of the debtor, that it was entered into in good faith, and that the agreement is enforceable.

■ The court will not sign that order for several reasons. First of all, the Bankruptcy Code does not provide for court approval of a reaffirmation agreement where the debtor is represented by an attorney during the course of negotiating the agreement. In lieu of court approval, the Bankruptcy Code provides that the attorney must file "a declaration or an affidavit" which states that the reaffirmation agreement "represents a fully informed and voluntary agreement by the debtor" and "does not impose an undue hardship on the debtor or a dependent of the debtor." Consequently, approval of the reaffirmation agreement by the court is not required and will not be given.

■ Secondly, even if the Bankruptcy Code required the court to determine whether this reaffirmation agreement should be approved, the court could not make the findings contained in the proposed order. To begin with, the court does not believe the agreement is in the best interest of the debtor. At this time, the debtor is current in his payments, yet he has signed an agreement which reinstates his personal liability for a dischargeable debt, lifts the stay, waives his redemption rights, and requires him to surrender his home upon default to the creditor or to the U.S. Marshal. The agreement requires Mr. Wallace to give up several important rights, yet gives him absolutely nothing in return. If the debtor were behind in his payments, he might derive a benefit from a reaffirmation agreement which allowed him to cure the default, but his payments are current and the court cannot understand how this one-sided agreement can be in the debtor's "best interest."

■ Additionally, the court disagrees with another proposed finding—that the agreement is "enforceable" if not rescind-

1. The court must inform the debtor that the agreement is not required by the Bankruptcy Code, nonbankruptcy law, or any agreement.

The court must also advise the debtor of the legal effect and consequences of the agreement and of default under the agreement.

ed. To be enforceable, the agreement must meet all the requirements of 11 U.S.C. § 524(c). *Arnhold v. Kyrus*, 851 F.2d 738 (4th Cir.1988). One of these requirements is that the agreement contain a clear and conspicuous statement advising the debtor of the right to rescind. 11 U.S.C. § 524(c)(2). There is a statement in the agreement (paragraph # 8) which advises the debtor of his right to rescind the agreement, but that statement is not "conspicuous." The debtor has specifically been advised by the court of his rescission rights, but that does not satisfy the requirement for a conspicuous statement in the agreement.

■ Finally, the court has serious doubts that the agreement was entered into in good faith. The agreement gives nothing to the debtor, yet requires him to give up several basic bankruptcy rights. One provision of the agreement which the court finds to be particularly offensive is that which provides that if the debtor should timely rescind the agreement, as is his right under 11 U.S.C. § 524(c)(4), the debtor is required to immediately surrender his home to the creditor or to the U.S. Marshal. That provision, of course, would not be enforceable, but its inclusion in the agreement might discourage the debtor from rescinding and is an indication of the creditor's lack·of good faith.

As already stated, the court's approval of the agreement is not required and, because it is not, and because the court would not approve the agreement even if the issue were before the court, no approval will be given.

SO ORDERED.

## APPENDIX A

In the United States Bankruptcy Court

for the Eastern District of
North Carolina

Bk. No. 89–00895–SN7

Filed July 3, 1989.

In re: Joseph E. Wallace, Debtor(s)

REAFFIRMATION AGREEMENT AND DECLARATION OF DEBTOR'S ATTORNEY: ROBERT U. JOHNSEN

This Reaffirmation Agreement made as of this 19th day of May 1989, between GENERAL ELECTRIC CAPITAL CORPORATION, as servicing agent for the GOVERNMENT NATIONAL MORTGAGE ASSOCIATION ("Creditor") and Joseph E. Wallace collectively Debtor).

1. On April 6, 1989, a petition for relief under 11 U.S.C. Chapter 7 was filed by Debtor in the United States Bankruptcy Court for the Eastern District of North Carolina, in Cause No. 89–00895–SN7. On the date of the filing of such petition, Debtor was, and still is, indebted to Creditor for $6,904.69, pursuant to the terms of a contract dated November 30, 1977, held by Creditor for the purchase of a manufactured home 1977 Pinecrest, 60 x 24 Serial # L–1358P A & B ("the Manufactured Home"). A copy of said contract is annexed hereto.

2. Debtor desires to reaffirm the above-described debt and to retain possession of the Manufactured Home, notwithstanding the fact that Debtor may have the unsecured portion of such debt discharged pursuant to 11 U.S.C. § 727. Therefore, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Debtor agrees and promises to pay Creditor the above-described debt and otherwise abide by the terms of the original contract described above and annexed hereto.

3. Debtor is of the opinion that the value of the Manufactured Home is equal to the principal balance herein reaffirmed.

4. The stay afforded by 11 U.S.C. § 362 is hereby lifted and the right of redemption under 11 U.S.C. § 722 is hereby waived and barred.

5. Upon the occurrence of any of the following, Debtor shall immediately surrender possession of the Manufactured Home to Creditor, and in the event Debtor fails to so surrender upon demand of Creditor, Debtor shall immediately surrender same to the U.S. Marshall, who is employed and authorized to take possession of the Manufactured Home upon failure to so surrender:

(a) Debtor fails to furnish sufficient proof of insurance required by the original contract or fails to make any payment when due, or otherwise fails to comply with the terms of this Reaffirmation Agreement or the original contract subject to any right to cure which Debtor may possess under applicable state or federal law; or

(b) Debtor rescinds this Reaffirmation Agreement as provided in paragraph 8 herein before it becomes enforceable.

6. If (5)(a) or (b) occurs, then all payments made herein up to the time of said occurrence shall be considered reimbursement to Creditor for the fair rental value for the use of the Manufactured Home and will not be refundable to Debtor.

7. Debtor will make voluntary past due payments to Creditor in the sum of $-0- and begin making payments pursuant to this Reaffirmation Agreement and the original contract on July 1, 1989.

8. This Reaffirmation Agreement may be rescinded at any time prior to discharge or within sixty (60) days after this Reaffirmation Agreement is filed with the Court, whichever occurs later, by giving notice of rescission to Creditor at the following address: General Electric Credit Corporation, P.O. Box 420275, Houston, Texas 77242-0275.

IN WITNESS WHEREOF, the parties have executed this Reaffirmation Agreement as of the day and year first above written.

/s/ Joseph E. Wallace
Debtor

Co-debtor
GENERAL ELECTRIC CAPITAL CORPORATION
as Servicing agent for the
GOVERNMENT
NATIONAL MORTGAGE ASSOCIATION
By: [Signature] for Ed Hughes
Ed Hughes
Legal Portfolio Control Manager