**In re SWEET, Donald Wayne and Lois Marie, Debtors.**

**Donald Wayne SWEET and Lois Marie Sweet, Plaintiffs,**

v.

**BANK OF OKLAHOMA, N.A., Defendant.**

**Bankruptcy No. BK-85-0297-A.
Adv. No. 90-117.**

United States Bankruptcy Court, W.D. Oklahoma.

June 27, 1990.

284

John R. Stow, Jr., Norman, Okl., for debtors/plaintiffs.

Stephen L. Bruce of Bruce & Morgan, Oklahoma City, Okl., for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICHARD L. BOHANON, Bankruptcy Judge.

The issue raised by defendant's motion for summary judgment concerns the perplexing question of whether a reaffirmation agreement is valid when the debtors don't attend the hearing conducted for that purpose. We hold that where the debtors are represented by an attorney who makes the proper explanation and declaration the agreement is valid even if the debtors did not attend a hearing where their rights were explained; and that under the circumstances of this case the debtors also are equitably estopped from denying validity of their agreement.

The undisputed facts show that the debtors filed their petition in early 1985. In April of that same year they entered into an agreement with the defendant–Bank reaffirming their debt which was secured by a lien on their vehicle. As required by section 524(c)(3) of the Bankruptcy Code their attorney made a declaration stating that the reaffirmation agreement represents the debtors' fully informed and voluntary agreement and does not impose any undue hardship on them. The agreement also contained the clear and conspicuous statement advising them that it may be rescinded before the discharge or within 60 days after it was filed with the court.

The discharge was entered in December, 1986 and the debtors were notified of a hearing on approval of the reaffirmation agreement to be conducted in January, 1987. They did not appear for the hearing but did not rescind and continued to make the installment payments on their note for some two years. They used the vehicle for this entire period and then defaulted and, when the Bank sued in State Court, reopened the bankruptcy and brought this adversary proceeding seeking a judgment declaring that since they did not attend the hearing on approval of the reaffirmation agreement it is not valid.

The Bank contends that the agreement is valid in spite of the debtors' failure to attend the hearing; and that, due to their conduct, debtors should be estopped from now denying validity of the agreement. This issue arises fairly often and needs to be addressed, especially since the provisions of section 524 are confusing.

On the one hand section 524(c) would appear to deal with cases where the debtor both has and does not have an attorney in connection with the case. Section 524(c)(3)(A) provides that if the debtor has an attorney who makes a declaration that the agreement was informed and voluntary then it is binding. Section 524(c)(6)(A) then appears to deal with cases where the debtor is not represented and requires that the agreement be approved by the court as not imposing an undue hardship and being in the debtor's best interests. In other words, if the debtor is represented the responsibility of making the admonitions falls to the lawyer. And, if the debtor is not represented that responsibility then falls to the bankruptcy judge.

This scheme would appear logical and adequate to control the reaffirmation abuses that Congress wished to avoid.[1] Section 524(d), however, then proceeds to confound the procedure. It provides that "[i]f a discharge has been granted and if the debtor desires to make an agreement" the court *may* hold a hearing at which the debtor *shall* appear and be informed of certain specified matters relating to reaffirmation agreements. This would appear to require a hearing in all cases, regardless of whether the debtor is represented, if the agreement is made *after* entry of the discharge. Section 524(c)(1), however, clearly requires that, in order to be valid, the agreement must be made *before* the discharge is granted.

These inconsistencies have been considered by numerous courts and most appear to hold that, in order for the reaffirmation agreement to be binding, there must be a hearing conducted and the debtor must attend it.[2] *See e.g., Arnhold v. Kyrus,* 851 F.2d 738 (4th Cir.1988); *In re Churchill,* 89 B.R. 878 (Bankr. D.Colo. 1988); *Kendrick v. First National Bank of Gainesville,* 75 B.R. 451 (Bankr. N.D.

Ga.1987); *In re Oliver,* 99 B.R. 73 (Bankr. W.D.Okla.1989); *In re Petry,* 76 B.R. 651 (Bankr.C.D.Ill.1987); *In re Fisher,* 113 B.R. 714 (Bankr. N.D. Okla.1990).

The intent of Congress, however, appears to be plain. It wished to protect innocent debtors from unscrupulous creditors who would trick or cajole them into reaffirming debts that otherwise would be discharged in the bankruptcy case and under circumstances where the reaffirmation creates continuing financial hardship, negating the beneficial effects of the bankruptcy discharge. It also sought to remove the requirement that all debtors appear at a discharge-reaffirmation hearing for this created a serious hardship in many cases.

The method adopted to accomplish these goals was the admonition process spelled out is section 524(c). This procedure permits the debtor to retain a vehicle, home or other property under appropriate circumstances but should avoid reaffirmation of unsecured debts and other obligations which would not be in the debtors' best interests. The Code then goes on to impose the burden of explanation and determination upon the court in cases where the debtor does not have a lawyer. This is a logical procedure.

For some unknown reason Congress then adopted section 524(d) which is confusing and, apparently, is effective only in cases where the debtor seeks to reaffirm after the discharge is granted—which can't be done anyway. It also furthers the confusion by saying that the court *may* hold a hearing at which the debtor *shall* appear. The requirement of the hearing clearly is not mandatory—is the agreement valid if the court elects not to conduct it?

The most logical result under all the circumstances appears to be to follow common sense and hold that the agreement is valid if the debtor's lawyer makes the necessary explanation and declaration and,

---

**1.** In *In re Oliver,* 99 B.R. 73, at 75–76 (Bankr. W.D.Okla.1989) Judge Lindsey cogently explained the reaffirmation abuses Congress sought to prevent in enacting section 524 of the Bankruptcy Code.

**2.** They do not, however, generally address the issue of how the creditor compels the attendance of the debtor at the hearing if he or she chooses not to appear voluntarily. The crafty debtor also is encouraged not to attend the hearing and subsequently argue that since he or she was not present the agreement is invalid.

in cases where the debtor is unrepresented, it is valid if the debtor appears at a hearing and the court makes the requisite explanation and finding. This leaves the dilemma of how does the creditor obtain a valid agreement if the debtor refuses to appear at the hearing? It would appear to have two alternatives. One, it could seek additional time to object to the discharge or dischargeability of its debt until after the debtor appears at the hearing or, two, it could seize the collateral or, where appropriate, seek relief from the automatic stay to seize it, where the debtor does not appear, for the agreement is invalid absent that appearance.

■ There is also another reason why the agreement should not be declared unenforceable at this late date. These debtors entered into the agreement and then continued to make the installment payments and use the vehicle for some two years. The evidence in connection with the motion shows that the vehicle is a 1985 model, so it now is some 5 years old. There is also no indication that the debtors are illiterate, ignorant or in any way unable to fully comprehend the reaffirmation agreement and their lawyer's counsel and understand the consequences. It would appear that they deliberately chose to use the vehicle until it was nearly worn out and then elected to default and leave the bank with the deficiency for the sole reason that they chose not to attend the hearing at which the reaffirmation agreement was explained to them. If there is any remaining equitable discretion in the Bankruptcy Code and process this conduct cannot be tolerated.

The Court of Appeals for this Circuit has stated that

[i]n private suits, the traditional elements of equitable estoppel are: (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his conduct will be acted upon or must so act that the party asserting the estoppel has the right to believe that it was so intended; (3) the party asserting the estoppel must be ignorant of the true facts; and (4) the party asserting the estoppel must rely on the other party's conduct to his injury.

*Penny v. Giuffrida,* 897 F.2d 1543, 1545–1546 (10th Cir.1990); [3] *See also, Home Sav. & Loan Ass'n of Lawton v. Nimmo,* 695 F.2d 1251, 1254 (10th Cir.1982); *Agee v. Travelers Indem.,* 396 F.2d 57, 60 (10th Cir.1968); *Burdick v. Indep. School Dist. No. 52,* 702 P.2d 48, 55 (Okla.1985).

These elements are particularly apposite here. (1) The debtors knew the fact that they had not attended the reaffirmation hearing; [4] (2) the debtors intended that their execution of the reaffirmation agreement would be acted upon by the bank to enable them to retain the vehicle; (3) there is no assertion that the bank knew that the debtors did not attend the hearing; and (4) the bank relied upon the validity of the agreement and did not pursue its right to seize the vehicle.

It simply would be unfair, under the stipulations of this case, to allow the debtors to escape their liability on the mere technicality that they chose not to attend the hearing. As prohibited by the holding of *Penny* such conclusion would allow the debtors to take advantage of their own wrong. *See also Richardson v. Chrysler First Financial Services Corporation,* 102 B.R. 254 (Bankr. M.D.Fla.1989).

For the foregoing reasons we conclude that the Sweets may not now rescind their agreement with the Bank of Oklahoma and it is enforceable according to its terms for their lawyer made the necessary explana-

---

**3.** In this same decision the Court of Appeals also states that "[h]istorically, equitable estoppel has been used to prevent a party from taking a legal position inconsistent with an earlier statement or action that places his adversary at a disadvantage. *See* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on the Law of Torts* § 105, at 733 (5th ed.1984). The purpose of the doctrine of equitable estoppel is to ensure that no one will be permitted to 'take advantage of his own wrong.' *R.H. Stearns Co. v. United States,* 291 U.S. 54, 62, 54 S.Ct. 325, 328, 78 L.Ed. 647 (1934)". *Penny* at 1545.

**4.** At the time in question in this district reaffirmation or discharge hearings were conducted in mass and no minutes or records relating to attendance of debtors were maintained.

tion and declaration and they are estopped by equity from now asserting that the agreement is invalid.

Defendant-bank's motion for summary judgment is granted and the complaint is dismissed.