**In re Donald Wayne SWEET and Lois Marie Sweet, Debtors.**

**Donald Wayne SWEET; Lois Marie Sweet, Plaintiffs–Appellants,**

v.

**BANK OF OKLAHOMA, OKLAHOMA CITY, Defendant–Appellee.**

No. 91–6161.

United States Court of Appeals, Tenth Circuit.

Jan. 17, 1992.

John Ray Stow, Jr., Norman, Okl., for plaintiffs-appellants.

Stephen L. Bruce, Oklahoma City, Okl., for defendant-appellee.

Before LOGAN and BARRETT, Circuit Judges, and KELLY,* District Judge.

PATRICK F. KELLY, District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Donald Wayne Sweet and Lois Marie Sweet appeal the summary judgment in favor of Appellee, Bank of Oklahoma

(Bank), enforcing a reaffirmation agreement they made with the Bank prior to their bankruptcy discharge. Appellants claim that the agreement is not enforceable because they did not attend the reaffirmation hearing held pursuant to 11 U.S.C. § 524(d). The Bank argues that Appellants' failure to attend the hearing does not invalidate the agreement. We affirm.

Appellants filed their bankruptcy petition in early 1985. In April of 1985, they made and filed an agreement with the Bank, reaffirming their debt secured by liens on their vehicles. Appended to the Reaffirmation Agreement was a· declaration by Appellants' attorney that he had represented them during the negotiations for the agreement, that Appellants made the agreement voluntarily after having been fully informed, and that Appellants had represented to him that the agreement would impose no hardship. Opening Br., Attach. A.

Appellants' bankruptcy discharge was issued on December 18, 1986. A hearing pursuant to § 524(d) was held on January 7, 1987, but Appellants did not attend, even though the bankruptcy court gave them advance notice of the hearing. Appellants never attempted to rescind the reaffirmation agreement. Instead, they continued to make the installment payments on their note and to use the vehicles for some two years until they defaulted. Consequently, the Bank repossessed and sold the vehicles and moved for a deficiency judgment in the District Court of Oklahoma County. Appellants then reopened their bankruptcy case, seeking to prevent the Bank from pursuing a deficiency judgment. The bankruptcy court granted summary judgment for the Bank, *In re Sweet,* 116 B.R. 283 (Bankr.W.D.Okla.1990), and the district court affirmed.

The facts here are undisputed. "The bankruptcy court's conclusions of law affirmed by the district court are subject to *de novo* review." *First Interstate Bank of Utah v. IRS,* 930 F.2d 1521, 1523 (10th Cir.1991).

* Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation.

11 U.S.C. § 524(c) permits a bankruptcy debtor to reaffirm a dischargeable debt.[1] The reaffirmed debt is enforceable only if certain enumerated conditions are met, including compliance with § 524(d). Appellants concede that all of the requirements of subsection (c) were met, except those pertaining to subsection (d). Subsection (d) provides:

In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, 1141, 1128, or 1328 of this title, the court may hold a hearing at which the debtor shall appear in person. At any such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then the court shall hold a hearing at which the debtor shall appear in person and at such hearing the court shall—

(1) inform the debtor—

(A) that such an agreement is not required under this title, under nonbankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and

(B) of the legal effect and consequences of—

(i) an agreement of the kind specified in subsection (c) of this section; and

(ii) a default under such agreement;

(2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.

Rule 4008 of the Federal Rules of Bankruptcy Procedure requires the court to hold a § 524(d) hearing "[n]ot more than 30 days following the entry of an order granting or denying a discharge...."

In this case, rescission by Appellants was required within sixty days after the filing of the reaffirmation agreement or prior to the bankruptcy discharge, whichever was later. § 524(c)(2). The later date was that of the discharge, December 18, 1986. Therefore, attendance at the hearing on January 7, 1987, would not have affected Appellants' obligations under the reaffirmation agreement, especially since the court had no authority to disapprove the agreement. *See* § 524(c), (d); *In re Davis*, 106 B.R. 701, 703 (Bankr.S.D.Ala.1989); *In re Pendlebury*, 94 B.R. 120, 124 (Bankr. E.D.Tenn.1988). Consequently, the admon-

---

1. Section 524(c) provides:

An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor or a dependent of the debtor;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of recission [sic] to the holder of such claim;

(5) the provisions of subsection (d) of this section have been complied with; and

(6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under this subsection, the court approves such agreement as—

(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor.

(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

ishments would have served no practical purpose. Indeed, the only purpose of the hearing would be to tell the debtor, " 'here's what you did, but the time has past [sic] for you or me to do anything about it.' " *In re Dabbs*, 128 B.R. 307, 309 (Bankr.N.D.Fla.1991). "The efficacy of the § 524(d) hearing, therefore, can be likened to postconviction *Miranda warnings*." *In re Davis*, 106 B.R. at 702. *See also In re Pendlebury*, 94 B.R. at 123 ("In practice, reaffirmation hearings presently serve no useful purpose except for debtors filing pro se.").

■ 11 U.S.C. § 521(5) states, "The debtor shall ... appear at the hearing required under section 524(d) of this title." Appellants had not only the right, but the duty, to attend the reaffirmation hearing. Appellants' responsibility to attend the hearing fell on them, not on the Bank. We reach a different conclusion than the court in *In re Fisher*, 113 B.R. 714, 717 (Bankr. N.D.Okla.1990), which placed the burden on the creditor to ensure the debtor's attendance at the reaffirmation hearing. To require a creditor to monitor a debtor's attendance at the reaffirmation hearing ignores § 521, putting the creditor in the position of not knowing whether to honor the reaffirmation agreement or to foreclose on the collateral and risk that the debtor will successfully defend any action against him by invoking the agreement. *See In re Kosanovich*, 78 B.R. 825 (Bankr.N.D.Ohio 1987) (creditor who accepted installment payments for four years after bankruptcy could not assert absence of reaffirmation agreement).

We conclude that by failing to attend the § 524(d) hearing, Appellants waived their right to do so.[2] "[W]aiver is the intentional relinquishment of a known right." *In re Garfinkle*, 672 F.2d 1340, 1347 (11th Cir. 1982). The elements of waiver are

    (1) the existence at the time of the waiver a right, privilege, advantage, or benefit which may be waived;

(2) the actual or constructive knowledge thereof; and

(3) an intention to relinquish such right, privilege, advantage, or benefit.

Waiver may be express, or, as in this case, implied from conduct. A party may waive any right which it is legally entitled to.... When waiver is implied from conduct, the acts, conduct, or circumstances relied upon to show waiver must make out a clear case.

*Id. See also Guinn v. Church of Christ of Collinsville*, 775 P.2d 766, 777 (Okla.1989) (waiver is the intentional and voluntary relinquishment of a known right).

Here, Appellants do not claim that they did not know of the hearing or of their right to attend, and we assume that their attorney informed them accordingly. By their conduct in failing to attend the hearing, Appellants clearly waived their right to attend.

The case of *In re Oliver*, 99 B.R. 73 (Bankr.W.D.Okla.1989), cited by Appellants, is inapposite because there, the pro se debtor attended the reaffirmation hearing. The court noted that "[t]he provisions of § 524(d) require that the court hold a hearing with regard to *any* reaffirmation agreement entered into by *any* individual debtor." *Id.* at 75 (emphasis in original). *Oliver* did not address the issue of a debtor's waiver of the right and duty to attend the hearing. Furthermore, the court specifically "found that all provisions of § 524(c) and (d) [had] been complied with." *Id.* at 78.

■ We hold that a debtor's failure to attend the § 524(d) hearing does not invalidate an otherwise enforceable reaffirmation agreement so long as the debtor was represented by counsel and received advance notice of the reaffirmation hearing. Because we conclude that Appellants waived their right to attend the reaffirmation hearing, we need not address whether

---

**2.** Appellants were represented by counsel throughout the negotiations for the reaffirmation agreement, as well as during the bankruptcy court proceedings. We do not address the circumstances, if any, under which a pro se debtor can waive his or her appearance at a reaffirmation hearing. The court must approve any reaffirmation agreement made by a pro se debtor. § 524(c)(6); *In re Davis*, 106 B.R. at 703.

they were estopped to assert that the agreement is unenforceable.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.