**In re Barbara J. MARLETTER, Debtor.**

**Bankruptcy No. 97–9682–9P7.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

June 14, 1999.

Edward R. Miller, Naples, Florida, for debtor.

Marc A. Ben–Ezra, North Miami Beach, Florida, for creditor.

## ORDER ON MOTION FOR ORDER TO SHOW CAUSE (DOC. NO. 23)

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon the Motion for Order For Rule to Show Cause and Other Relief (sic) filed by the Debtor, Barbara J. Marletter. The Court reviewed the Motion and the record and finds as follows:

On June 12, 1997, the Debtor, *pro se,* filed her voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

On September 2, 1997, a Reaffirmation Agreement dated August 25, 1997 and signed by the Debtor and a representative of Creditor, Novus Financial Corporation was filed with the Clerk of the Bankruptcy Court. The Reaffirmation Agreement recites that the Debtor is indebted to Novus in the amount of $17,076.18, which debt is secured by a mortgage on the Debtor's real property. The docket reflects that no hearing was ever held to consider approval of the Reaffirmation Agreement.

The Debtor received her discharge on October 27, 1997. The Final Decree was entered and the case was closed on December 11, 1997.

Subsequently, Novus commenced garnishment proceedings against the Debtor. The filing of the Motion for Order to Show Cause by the Debtor, which this Court is treating as a Motion for Sanctions, followed. The Debtor contends that the Reaffirmation Agreement is invalid and Novus is in contempt for violating the discharge injunction by attempting to garnish the Debtor's wages. On the other hand, Novus contends that the Reaffirmation Agreement is valid because it is Novus' understanding that this Court does not hold hearings to consider the approval of Reaffirmation Agreements executed by *pro se* debtors. Thus, Novus contends that its conduct in connection with collecting the debt is not in violation of the discharge injunction.

■ The debt under consideration is a consumer debt secured by real property. Thus, by virtue of Section 524(a)(B), court approval is not required for the Reaffirmation Agreement to be enforceable. Nevertheless, it is clear that the reaffirmation of a debt secured by real property must comply with all other requirements of Sections 524(c) and (d) in order to be binding and enforceable. Strict compliance is essential and indispensable because of the concern that creditors will improperly coerce debtors to unwisely reaffirm debts that could compromise the debtor's fresh start, the basic policy aim of the discharge provision of 11 U.S.C. § 727(a). *See In re Hovestadt,* 193 B.R., 382, 386 (Bankr.Mass.1996); *In re Johnson,* 148 B.R. 532 (Bankr. N.D.Ill.1992); *In re Pendlebury,* 94 B.R. 120 (Bankr.E.D.Tenn.1988). The requirement that the bankruptcy court advise pro se debtors regarding the matters set forth in 11 U.S.C. § 524(d)(1)(A)(B)(2) cannot be waived. *See In re Jackson,* 49 B.R. 298 (Bankr.D.Kan.1985); *In re Roth,* 38 B.R. 531 (Bankr.N.D.Ill.1984), affirmed 43 B.R. 484 (N.D.Ill.1984).

Section 524(d) provides,

(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, 1141, 1228, or 1328 of this title, the court may hold a hearing at which the debtor shall appear in person. At any such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section and was not represented by an attorney during the course of negotiating such agreement, then the court shall hold a hearing at which the debtor

shall appear in person and at such hearing the court shall—

    (1) inform the debtor—

      (A) that such an agreement is not required under this title, under non-bankruptcy law, or under any agreement not made in accordance with the provisions of subsection (c) of this section; and

      (B) of the legal effect and consequences of—

        (i) an agreement of the kind specified in subsection (c) of this section; and

        (ii) a default under such an agreement; and

    (2) determine whether the agreement that the debtor desires to make complies with the requirements of subsection (c)(6) of this section, if the consideration for such agreement is based in whole or in part on a consumer debt that is not secured by real property of the debtor.

11 U.S.C. § 524(d).

While court approval is not required to reaffirm a consumer debt secured by real property, Section 524(d) still requires the court to advise the debtor of the voluntary character of the agreement and its legal effect and consequences. *See In re Jackson*, 49 B.R. 298, 302 (Bankr.D.Kan. 1985) (decided under version of Code in existence prior to 1984 amendments); *In re Bauer*, 1997 WL 752652 (Bankr. E.D.Va.) (not reported in B.R.).

It is clear that because no hearing was held, this Court did not warn the Debtor of the effects of the agreement and advise the Debtor that her entering into the agreement was voluntary and not required by law. Thus, the statutory requirements of Section 524(d) were not met and the Reaffirmation Agreement is invalid and unenforceable.

The fact that the Court did not set a hearing due to a clerical glitch does not change the outcome. *See In re Johnson*,

148 B.R. 532, 540 (Bankr.N.D.Ill.1992) ("... [I]t remains essential for creditors to monitor debtors' attendance at [reaffirmation] hearings in order to make reaffirmation agreements enforceable, in personam against debtors post-petition and post-discharge, as well as in rem against their collateral.") Further, Novus' argument that it was operating under the mistaken belief that this Court's procedure did not require a hearing cannot validate the agreement. Novus' "understanding" of the requirements finds no basis and support by the facts or by any provision under the law. Since the statutory requirements for approval of the Reaffirmation Agreement have not been met, this Court is satisfied that the Reaffirmation Agreement is invalid and unenforceable. *See In re Melendez*, 224 B.R. 252, 260 (Bankr. D.Mass.1998).

Turning to whether Novus violated the discharge injunction by pursuing its in personam remedies under the Reaffirmation Agreement, Novus knew that the Debtor had received her discharge. Thus, it is clear that Novus violated the discharge injunction granted to the Debtor by Section 524(a)(2). While Novus proceeded with the garnishment under the mistaken assumption that it had the right to do so, relying on the Reaffirmation Agreement, the fact remains that its action caused the Debtor to loose funds. Thus, while no punitive measures are appropriate under the circumstances, clearly, the Debtor is entitled to have the funds seized restored to her. Whether or not the violation of the discharge injunction was wilful, the Debtor suffered damages and she is entitled to be made whole.

The Debtor is also seeking injunctive relief to prohibit Novus to violate the discharge injunction in the future. There is no evidence in this record, however, which would warrant the conclusion that Novus intended to continue to violate the discharge injunction. Thus, there is no basis for granting the injunctive relief sought.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Order For Rule to Show Cause and Other Relief (sic), treated by this Court as a motion for sanctions for violating the discharge injunction, filed by the Debtor, Barbara J. Marletter, be and the same is hereby granted. Novus shall return all payments made by the Debtor to Novus after the execution of the Reaffirmation Agreement. As a result of the general discharge obtained by the Debtor and, therefore, the discharge of the Debtor's personal liability to Novus, if any, Novus' remedies against the Debtor are limited to in rem remedies only.